UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN D. OMAR WRIGHT,<br><br>                                   Petitioner,<br><br>v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>                                   Respondents. | Case No.: 23-CV-511 JLS (BLM)<br><br>**ORDER: (1) DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; (2) DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL; AND (3) DISMISSING CASE WITHOUT PREJUDICE**<br><br>(ECF Nos. 1–3) |

Petitioner Shawn D. Omar Wright ("Petitioner"), a detainee in the custody of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See* ECF No. 1 ("Pet."). Petitioner has also filed a Motion for Leave to Proceed *in Forma Pauperis* ("IFP") ("IFP Mot.," ECF No. 2) and a Motion to Appoint Counsel ("Counsel Mot.," ECF No. 3).

Having reviewed Petitioner's filings and the applicable law and for the reasons discussed below, the Court **DENIES** the IFP Motion, **DENIES WITHOUT PREJUDICE** the Counsel Motion, and **DISMISSES** the case **WITHOUT PREJUDICE** for failure to satisfy the filing fee requirement.

1

**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Petitioner has filed an IFP Motion.  *See* IFP Mot.  The Prison Certificate and Statement of Recent Account Activity accompanying Petitioner's IFP Motion reflects a $5.04 balance in Petitioner's detainee trust account as of March 3, 2023.  *See id.* at 4, 7.  The filing fee associated with this type of action is $5.00.  *See* 28 U.S.C. § 1914(a).  Because it appears Petitioner can pay the requisite filing fee, the Court **DENIES** Petitioner's IFP Motion.

Given Petitioner's failure to satisfy the filing fee requirement by either qualifying to proceed IFP or paying the $5.00 filing fee, the Court cannot proceed and must **DISMISS** the case **WITHOUT PREJUDICE** at this time.

**REQUEST FOR APPOINTMENT OF COUNSEL**

Petitioner has also filed a motion requesting appointment of counsel to represent him in his federal habeas corpus proceeding.  *See* Counsel Mot.  While district courts are provided with statutory authority, pursuant to 18 U.S.C. §3006A(a)(2)(B), to appoint counsel in a federal habeas case when a petitioner is financially eligible and "the court determines that the interests of justice so require," the Ninth Circuit has held that "[i]ndigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations," *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citations omitted).

Petitioner asserts he "cannot afford an attorney," Counsel Mot. at 1, but has failed to qualify to proceed IFP in the instant action.  Nor has Petitioner shown that the circumstances of this case are such that appointed counsel is necessary or warranted at this time, particularly given the case is currently subject to dismissal.  As such, the Court **DENIES** the Counsel Motion, **WITHOUT PREJUDICE** to renewing this request at a later time.

/ / /

/ / /

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Petitioner's Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 2), **DENIES WITHOUT PREJUDICE** Petitioner's Motion to Appoint Counsel (ECF No. 3), and **DISMISSES** the case **WITHOUT PREJUDICE** for failure to satisfy the filing fee requirement. To have this case reopened, Petitioner must submit, **no later than May 29, 2023**, a copy of this Order with either: (1) the $5.00 filing fee, or (2) adequate proof of his inability to pay the filing fee.

**IT IS SO ORDERED.**

Dated: March 29, 2023

Hon. Janis L. Sammartino
United States District Judge