UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN-D OMAR W., <br><br> Petitioner, <br><br> v. <br><br> ALEJANDO MAYORKAS (DHS) and MARK PARAMO (ICE), <br><br> Respondents. | Case No.: 23-CV-511 JLS (BLM) <br><br> **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND PURSUANT TO CIVIL LOCAL RULE 83.11(b)** <br><br> (ECF No. 1) |

Presently before the Court is Petitioner Shawn-D Omar W.'s ("Petitioner") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). For the reasons that follow, the Court **DISMISSES** the Petition as moot and pursuant to Civil Local Rule 83.11(b).

## BACKGROUND

The Court incorporates the recitation of this action's factual and procedural background provided in its July 19, 2023 Order (the "Order," ECF No. 9 at 1–3) and thus sets forth below only those facts relevant to the present Order.

Petitioner filed the instant Petition on March 20, 2023. *See generally* Pet. According to Petitioner, he is subject to a Final Order of Removal dated September 7, 2022.

1

*Id.* ¶¶ 10(c), 11(b).  The Petition contends that Petitioner has "been detained a year with no result." *Id.* ¶ 15.  The sole relief sought is an order releasing him from Immigration and Custom Enforcement ("ICE") custody.  *Id.*

On April 27, 2023, this Court ordered Respondents Alejandro Mayorkas and Mark Paramo (collectively, "Respondents") to show cause why the Petition should not be granted.  *See* ECF No. 6.  Respondents timely filed their Return in Opposition to Petition on May 24, 2023.  *See* ECF No. 8 ("Opp'n").  Petitioner did not file a Traverse within the time allotted.  *See generally* Docket.

Per Respondents, the Department of Homeland Security ("DHS") moved to reopen Petitioner's removal proceedings to allow him to reapply for asylum on February 8, 2023. ECF No. 8-1 ("Opp'n Exs.") at 11.  The presiding immigration judge ("IJ") initially denied the motion because Petitioner opposed reopening the proceedings.  *See id.* at 13.  Petitioner subsequently changed his mind, *see* Opp'n at 2, and on April 17, 2023, DHS filed a second motion to reopen, *see* Opp'n Exs. at 16.  The IJ granted the subsequent motion to reopen on April 28, 2023, *id.* at 19, and Petitioner was released from ICE custody on a $1,500 bond, *id.* at 20.  Respondents thus requested that the Petition be dismissed or denied as moot.

The Court then ordered Petitioner to show cause why the Petition should not be dismissed as moot, as it was unclear what further relief the Court could provide in the instant habeas proceeding.  *See* Order at 4.  The Order required Petitioner to respond on or before August 21, 2023, but Petitioner did not do so.  *See generally* Docket.  On July 31, 2023, the copy of the Order mailed to Petitioner was returned by the United States Postal Service as undeliverable.  *See* ECF No. 10.

## DISMISSAL DUE TO MOOTNESS

**I.     Legal Standard**

As explained in the Order, mootness is a legal framework best described as "the doctrine of standing set in a time frame." *Friends of the Earth, Inc. v. Laidlaw Env't. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (quoting *Arizonans for Official English v. Arizona*,

520 U.S. 43, 68 (1997)); *see also Abdala v. INS*, 488 F.3d 1061, 1063 (9th Cir. 2007) (citing *Friends of the Earth*, 528 U.S. at 189). "At any stage of the proceeding a case becomes moot when 'it no longer present[s] a case or controversy under Article III, § 2 of the Constitution.'" *Abdala*, 488 F.3d at 1063 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). While deportation or custodial release does not per se moot a habeas petition, the petitioner must demonstrate that some "collateral consequence" remains that can be redressed by the petition. *See id.* at 1063–64 (citation omitted). In circumstances where claims are fully resolved by custodial release, however, a petitioner's claims are rendered moot because the court can no longer provide the requested relief. *See id.* at 1065. Accordingly, a petition that challenges only the legality of an allegedly extended or indefinite detention is mooted by the petitioner's release from custody. *See id.*

## II.  Analysis

The sole relief requested by the Petition is Petitioner's release from ICE custody after having "been detained a year." Pet. ¶ 13. Petitioner's administrative appeal was withdrawn on December 2, 2022, and Petitioner was released from ICE custody shortly after the IJ reopened his immigration proceedings on April 28, 2023. *See id.* ¶¶ 2, 10(c), 11(c)(3); Opp'n Exs. at 9.

As Petitioner appears to have been detained for less than the six-month presumptively reasonable removal period after his order of removal became final,[1] and because Petitioner has received the release he initially sought via his Petition, it remains

---

[1] As explained in the Court's prior Order, an alien ordered removed shall be detained by the Attorney General during the "removal period," which may last up to 90 days, while the government negotiates with foreign governments to secure the alien's removal. *See* 8 U.S.C. §§ 1231(a)(1)(A), (a)(2). "The removal period begins . . . [t]he date the order of removal becomes administratively final," *id.* § 1231(a)(1)(B)(i), and "[t]he decision of the Immigration Judge becomes final upon waiver of appeal," 8 C.F.R. § 1003.39. Certain aliens, including those "who ha[ve] been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period." 8 U.S.C. § 1231(a)(6). The Supreme Court has clarified, however, that such continued detention cannot be indefinite, and that six months constitutes a "presumptively reasonable period of detention." *See Zadvydas v. Davis*, 533 U.S. 678, 701–02 (2001).

unclear to the Court what further relief could be provided in the instant habeas proceeding. *See Ying Jiao Ye v. Nordheim*, No. 218CV10072 JVS (KES), 2019 WL 979245, at *3 (C.D. Cal. Feb. 27, 2019) ("[H]abeas petitions that raise claims that are fully resolved by release from custody are rendered moot upon the petitioner's release."); *see also Abdala*, 488 F.3d at 1064–65 (citing favorably cases in which petitioners' release from detention mooted challenges to the legality of extended detention periods).

The Court previously informed Petitioner that the Court was inclined to dismiss the instant Petition as moot unless Petitioner could demonstrate otherwise. Order at 4. The Court also made clear that, should "Petitioner fail[] to file a response on or before August 21, 2023, the Court [would] issue a final Order dismissing the Petition as moot" and close this case. *Id.* at 4–5. As Petitioner failed to respond to the Order, *see generally* Docket, the Court **DISMISSES WITHOUT PREJUDICE** this action as moot.

**DISMISSAL PURSUANT TO CIVIL LOCAL RULE 83.11(b)**

**I.     Legal Standard**

The Ninth Circuit has held that "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979)). In determining whether to dismiss an action on such grounds, the Court must weigh several factors, including "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (noting that the first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (explaining that the fourth factor always weighs against dismissal). Therefore, the Court considers the substance of factors two, three, and five.

/ / /

## II. Analysis

This District's Civil Local Rules require any party appearing *pro se* to "keep the Court and opposing parties advised as to [their] current address. If mail directed to a pro se plaintiff by the Clerk at the plaintiff's last designated address is returned by the Post Office, and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of the plaintiff's current address, the Court may dismiss the action without prejudice for failure to prosecute." S.D. Cal. CivLR 83.11(b).

Here, Petitioner has failed to comply with Local Rule 83.11(b). A copy of the Order mailed to Petitioner was returned as undeliverable on July 31, 2023. *See* ECF No. 10. Under Local Rule 83.11(b), Petitioner was required to provide an updated mailing address to the Court by September 29, 2023. To date, Petitioner has yet to do so. *See generally* Docket.

Further, the *Ghazali* factors weigh in favor of dismissal. Regarding the first factor, the Court must manage its docket to ensure the efficient provision of justice. Petitioner has had more than 60 days in which to provide the Court with his current address and yet has not done so. The Court cannot continue waiting for Petitioner to take action, and the case cannot move forward when Petitioner fails to prosecute it. As to the third factor, the Court finds no risk of prejudice to Defendants if it dismisses this action. In fact, Defendants have requested the dismissal. Finally, considering the fifth factor, the Court notes that where Petitioner fails to oppose dismissal, it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16-CV-5962-ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**CONCLUSION**

In light of the foregoing, the Court **DISMISSES WITHOUT PREJUDICE** this action as moot and for Petitioner's failure to notify the Court of his current mailing address. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: October 10, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge